[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

Nos. 22-14252 & 23-11632

Non-Argument Calendar

_____

MARLISSA ALEXIS JOSEPH,

                                                              Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                              Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
Agency No. A216-358-618

_____

Before BRANCH, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Marlisa Joseph seeks review of the Board of Immigration Appeals' ("BIA") final order dismissing her appeal of the Immigration Judge's ("IJ") denial of her applications for statutory withholding of removal and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). She also seeks review of the BIA's final order denying her motion to reopen her immigration proceedings.

She argues that the BIA's decision was not supported by substantial evidence because she established past persecution on the basis of her Haitian descent and her sexuality, and she established that it was more likely than not that she would be persecuted in the future. She argues that the BIA failed to consider her race-based claim, and her inclusion in the particular social groups of Bahamian women or Bahamian girls and individuals with a disability of severe mental illness. She argues that she established that it is more likely than not that she would be tortured if she is deported to the Bahamas. She argues that she was denied full and fair proceedings, and the IJ and BIA violated her statutory and constitutional due process rights. She argues that her ability to obtain and present evidence was affected by her mental health conditions, including major depressive disorder, post-traumatic stress disorder, panic attacks, and anxiety. She argues that the BIA abused its discretion in denying

her motion to reopen and failed to consider the evidence she presented.

## I.

We review the decision of the BIA, and the decision of the IJ to the extent the BIA adopts the IJ's decision or expressly agrees with the IJ's reasoning. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). In deciding whether to uphold the BIA's decision, we are limited to the grounds upon which the BIA relied. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

Section 1252(d)(1) provides, in relevant part, that a court can review a final order of removal only if the non-citizen has exhausted all administrative remedies available to the non-citizen as of right. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). We have held that "[a] petitioner has not exhausted a claim unless he has both raised the core issue before the BIA and also set out any discrete arguments he relies on in support of that claim." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) (quotation marks and citation omitted). We have also held that exhaustion is "not a stringent requirement." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015). Though exhaustion does not require a petitioner to use precise legal terminology or provide a well-developed argument to support her claim, it does require that she provide information sufficient to enable the BIA to review and correct any errors below. *Id.* (quotation marks omitted). The Supreme Court has held that the obligation to exhaust administrative remedies in INA § 242(d)(1), 8 U.S.C. § 1252(d)(1), is a claim-processing rule, is not

jurisdictional, and is subject to waiver and forfeiture. *Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 (2023). We have since clarified that INA § 242(d)(1), 8 U.S.C. § 1252(d)(1), as a claim-processing rule, is generally applied where it has been asserted by a party. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023).

We review legal conclusions *de novo* and factual findings for substantial evidence. *Perez Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019). We review *de novo* claims that the BIA failed to provide reasoned consideration for its decision. *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333 (11th Cir. 2019). Under the substantial evidence standard, we view the evidence in the light most favorable to the agency's decision, draw all reasonable inferences in favor of that decision, and affirm the BIA's decision unless the evidence compels a contrary finding. *Perez-Zenteno*, 913 F.3d at 1306. While the agency is required to consider all evidence that a petitioner has submitted, it need not address specifically each claim the petitioner made or each piece of evidence the petitioner submitted. *Jeune*, 810 F.3d at 803.

An alien is entitled to withholding of removal under the INA if she can show that her life or freedom would be threatened on account of her race, religion, nationality, membership in a PSG, or political opinion. INA § 101(a)(1)(42)(A); 8 U.S.C. § 1101(a)(1)(42)(A); *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 860-61 (11th Cir. 2007). An alien bears the burden of demonstrating that she more likely than not would be persecuted upon her return to the country in question. *Delgado*, 487 F.3d at 861. The alien can

meet her burden by showing either: (1) past persecution in her country based on a protected ground, in which case a rebuttable presumption is created that her life or freedom would be threatened if she returned to her country; or (2) a future threat to her life or freedom on a protected ground in her country. *Id.*

Persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation. *Id.* In determining whether an alien has suffered past persecution, the BIA must consider the cumulative effects of the incidents. *Id.* Because an applicant's protected trait need not be the only motivation for the persecution, where multiple motivations are at play, the BIA must determine whether a protected ground was or will be at least one central reason for persecuting the applicant. INA § 208(b)(1)(B)(i); 8 U.S.C. § 1158(b)(1)(B)(i); *Lingeswaran v. U.S. Att'y Gen.*, 969 F.3d 1278, 1287 (11th Cir. 2020).

An applicant who has not suffered past persecution may demonstrate that her life or freedom would be threatened in the future in a country if she can establish that it is more likely than not that she would be persecuted on account of a protected ground. 8 C.F.R. § 1208.16(b)(2). The BIA shall not require the applicant to provide evidence that she would be singled out individually for such persecution if: (1) the applicant establishes that there is a pattern or practice of persecution of a group of persons similarly situated to her on account of a protected ground; and (2) the applicant establishes her inclusion in and identification with such group of persons. *Id.*

An applicant seeking CAT relief must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). All relevant evidence must be considered, including her ability to relocate and human rights violations within the country. Id. § 1208.16(c)(3). In this context, "torture" means:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act her or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity.

Id. § 1208.18(a)(1). To generate grounds for reviewability, we must be left with the conviction that the BIA "has heard and thought [about the case] and not merely reacted." *Ali*, 931 F.3d at 1333.

Here, because the BIA adopted the IJ's opinion, our review will include both the BIA's opinion and the IJ's decision. *See Kazemzadeh*, 577 F.3d at 1350. The BIA's decision to deny Joseph's application for withholding of removal and CAT relief was supported by substantial evidence. Although the IJ concluded that she

established past persecution, she failed to show that a protected ground was one central reason for the persecution. *See Lingeswaran*, 969 F.3d at 1287. Further, the IJ's conclusion that she failed to establish that it is more likely than not that she would be persecuted on account of a protected ground was supported by substantial evidence. *See Delgado*, 487 F.3d at 861. To the extent that she argues that the BIA ignored her race-based claim, she failed to raise the core issue of whether she was entitled to withholding of removal on the basis of her race before the BIA, and she did not set out any discrete argument she relied on in support of that claim. *Jeune*, 810 F.3d at 800. The government asserted that Joseph failed to raise the issue of whether she was persecuted because of her race, and, because Joseph failed to provide information sufficient to enable the BIA to review and correct any errors below regarding her race-based claim, any argument that she was entitled to withholding of removal based on her race is unexhausted. *See Indrawati*, 779 F.3d at 1297; *Kemokai*, 83 F.4th at 891. To the extent that she argues that the BIA erred by failing to consider her inclusion in certain particular social groups, that argument is unsupported by the record.

Additionally, the BIA's conclusion that she failed to establish eligibility for CAT protection was supported by substantial evidence, and the BIA did not err in its evaluation of her CAT claim. 8 C.F.R. §§ 1208.16(c)(2); 1208.18(a)(1); *Ali*, 931 F.3d at 1333. The BIA's opinion indicates that it heard and thought about the case, not merely reacted. *Ali*, 931 F.3d at 1333.

## II.

We review *de novo* the claim that the agency violated the petitioner's due process rights. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010). The Fifth Amendment entitles petitioners in removal proceedings to due process of the law. *Id.* Due process requires that aliens be given notice and an opportunity to be heard in their removal proceedings. *Id.* To establish a due process violation, the petitioner must show that she was deprived of liberty without due process of law and that the purported errors caused her substantial prejudice. *Id.* To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different. *Id.*

Generally, the BIA presumes that aliens are competent to participate in removal proceedings. *Matter of M-A-M-*, 25 I. & N. Dec. 474, 477 (BIA 2011). In *Matter of M-A-M-*, the BIA determined that, when *indicia* of incompetency are present, the IJ must make a competency determination. *Id.* at 480-81. An alien is competent for the purposes of immigration proceedings if "[she] has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Id.* at 479. Removal proceedings can continue despite an alien's lack of competency, so long as safeguards are in place to ensure that the alien's rights and privileges under the INA are protected. *Id.*

22-14252                Opinion of the Court                    9

However, "[m]ental competency is not a static condition. 'It varies in degree.  It can vary over time.  It interferes with an individual's functioning at different times in different ways.'" *Id.* at 480 (citation omitted).  "As a result, Immigration Judges need to consider indicia of incompetency throughout the course of proceedings to determine whether an alien's condition has deteriorated or, on the other hand, whether competency has been restored." *Id.*

Here, we conclude that Joseph was not deprived of a fair and full opportunity to present her case.  She was given a reasonable opportunity to present evidence on her behalf, the IJ ordered a competency evaluation which noted that her mental health issues did not affect her understanding and comprehension, and she indicated that she understood the nature of her proceedings on two separate occasions.  *See Matter of M-A-M-*, 25 I. & N. at 479.  The IJ also accounted for any change in how her mental health issues affected her over time.  *Id.* at 480.  Thus, we can discern no due process violation.

### III.

We review the BIA's denial of a motion to reopen under the abuse of discretion standard but employ *de novo* review to the BIA's underlying legal conclusions.  *Dacostagomez Aguilar v. U.S. Att'y Gen.*, 40 F.4th 1312, 1315 (11th Cir. 2022) (citations omitted).  Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).  A motion to reopen will not be granted unless the agency is satisfied that evidence sought

to be offered is material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.23(b)(3). The BIA has discretion to deny reopening even where the movant has made a *prima facie* case that reopening would otherwise be appropriate. *Id.*

We conclude that the BIA's denial of Joseph's motion to reopen was not an abuse of discretion. To the extent that the evidence she submitted with her motion pre-dated the date of her removal order, that evidence was properly rejected as previously available. *See* 8 C.F.R. § 1003.23(b)(3). To the extent that the evidence she submitted post-dated her removal order, that evidence was insufficient to establish that she was *prima facie* eligible for withholding of removal or CAT relief. *Id.*

## IV.

For these reasons, we deny Joseph's petition.

**PETITION DENIED**